IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD A. WILLIAMS and | : | |
| ALTERNATIVE CONTROL SOLUTION, | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. 15-2963 |
| | : | |
| v. | : | |
| | : | |
| DARRELL & TINA HALL, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

Smith, J.                                                                                                          July 14, 2015

In an unusual manner to initiate litigation, the *pro se* plaintiffs in this case, Edward A. Williams ("Williams") and Alternative Control Solution[1] ("ACS") (together, the "plaintiffs"), have filed a one-page complaint combined with a motion requesting that the court "strike improper default judgment, response, new matter and enter SUMMERY [sic] JUDGMENT in favor of the Plaintiff." *Id.* at 2. The defendants moved to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim.[2] Defs.' Mem. of Law in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") at 1-8. The court finds that the plaintiffs have failed to properly allege that the court has subject-matter jurisdiction to hear this case, and, as such, will dismiss the case without prejudice to the plaintiff to file an amended complaint.

I.    SUMMARY OF ALLEGATIONS AND PROCEDURAL HISTORY

On May 27, 2015, the *pro se* plaintiffs commenced this action by filing a complaint and a motion against the defendants. Compl., Doc. No. 1. The first page is titled "Complaint" and

---

[1] The court notes that in the caption on the first page of the pleading ACS's full name is spelled "Alternative Control Solution," but on the second page the name is pluralized as "Alternative Control Solutions." For consistency and ease of reference, the court will use the singular form as it appears on the first page of the pleading.

[2] Although the title to the defendant's motion indicates that they were also moving to dismiss for improper venue and insufficient service of process, they did not argue those points in their supporting memorandum.

states "Pursuant to 28 U.S.C. 1332 (a)(c)(2) the Plaintiff hereby files this Notice of Removal and states in support as follows:  1. Removal is proper because: This court has subject matter jurisdiction by virtue of the parties' diverse citizenship and the amount in controversy." Compl. at 1a.[3]  The complaint is followed by a motion that reads "Motion [sic] TO SET ASIDE AND OR STRIKE DEFAULT JUDGEMENT [sic], RESPONSE, NEW MATTER FILED AND ENTERED BY AND FOR DEFENDANTS AND ENTER SUMMERY [sic] JUDGEMENT [sic] IN FAVOR OF PLAINTIFF PURSUANT TO Pa.R.C.P. 1035.2," against the defendants, Darrell and Tina Hall (together, the "defendants").  Compl. at 1b-5.

As best as the court can tell, the matter arises out of a contractual dispute between the parties regarding payment for home improvement work.  *Id.*  The pleading indicates that plaintiffs filed a lien against the defendants for failure to pay for work performed, that the plaintiffs then filed a complaint against the defendants (presumably in the Court of Common Pleas of Lancaster County), and that the defendants responded by filing new matter and a counterclaim.  *Id.* at 3.  The plaintiffs ask this court to strike a default judgment and enter summary judgment in their favor.  *Id.* at 4-5.

On June 22, 2015, the defendants filed a motion to dismiss for lack of jurisdiction and failure to state a claim upon which relief could be granted.  Defs.' Mem. at 1-8.  The plaintiffs had fourteen days, or until July 6, 2015 to file a response, but to date, they have not done so.

## II.   DISCUSSION

The defendants have moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).  The court will "consider the Rule 12(b)(1) challenge first

---

[3] As noted below, the complaint consists of a cover page followed by a motion.  Because the court will construe these two documents together as the complaint, the court will, for reference purpose, refer to the first page as "1a," the next page (the first page of the purported motion) as "1b", and the remaining pages of the motion by the numeral appearing at the bottom of each page.

because, if it must dismiss the complaint for lack of subject matter jurisdiction[,] the accompanying defenses become moot and need not be addressed." *Walthour v. Herron*, No. CIV.A. 11-1690, 2011 WL 1325981, at *1 (E.D. Pa. Apr. 7, 2011) (citation omitted).

A federal district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  Federal Rule of Civil Procedure 8(a) requires that a complaint contain, *inter alia*, "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  The party asserting federal jurisdiction "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).  To satisfy this burden, "[t]he plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right" to jurisdiction.  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 244 (3d Cir. 2012) (citation omitted).  If the court lacks subject-matter jurisdiction, the court must dismiss the action.  Fed. R. Civ. P. 12(h)(3).

"A district court has to first determine, however, whether a Rule 12(b)(1) motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citation omitted).  "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* at 358 (internal quotation marks and citation omitted).  The defendants' motion appears to be a facial attack because it argues that the complaint lacks any information that would establish diversity of citizenship among the parties, and additionally, that

the documents that the plaintiffs have attached to their complaint indicate that the parties are not diverse. Defs.' Mot. at 5-6.

As noted above, the plaintiffs' pleading is a one-page document purporting to establish jurisdiction, accompanied by what appears to be copy of a motion that was filed in the Court of Common Pleas of Lancaster County. Compl. at 1a-5. Mindful of the court's obligation to construe a *pro se* litigant's complaint liberally, *see Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009), the court will construe these documents together as a complaint. Nevertheless, the pleading fails to supply "a short and plain statement of the grounds for the court's jurisdiction," as required by Federal Rule of Civil Procedure 8(a). Fed. R. Civ. P. 8(a)(1). The first page does not contain any allegations with respect to the citizenship of the parties other than the conclusory statement that this court has subject-matter jurisdiction "by virtue of the parties' diverse citizenship and the amount in controversy." Compl. at 1a. However, in the caption just above these words, the plaintiffs list Pennsylvania addresses for them and the defendants. *Id.* The plaintiffs also list Pennsylvania addresses for all parties on the certificate of service for the motion.[4] Compl, Certificate of Service ("Certificate of Service"). Additionally, a document in Exhibit A, appearing to be a letter from Williams to "Tina and Scott," written on ACS letterhead, contains a Pennsylvania address for ACS in the letterhead and is addressed to the same Pennsylvania address listed for the defendants on the certificate of service. Compl. at Ex. A., Letter dated Dec. 3, 2012 ("Letter"), Certificate of Service. The accompanying motion to strike a default judgment does not contain any allegations or information regarding the parties' citizenship. Compl. at 1-5.

---

[4] The addresses listed for each party on the face of the complaint and the certificate of service are nearly identical, except for the addition of "S." (presumably an abbreviation for "South") in the street name of the plaintiffs' address on the certificate of service. *See* Compl., Certificate of Service.

Examining the complaint and the documents attached thereto in the light most favorable to the plaintiffs, the court finds that the plaintiffs have not met their burden of establishing diversity of citizenship between the parties, and therefore have not established that this court has diversity jurisdiction over this matter under section 1332(a)(1).  Furthermore, this case does not present a federal question that would bring this matter within this court's jurisdiction: the plaintiffs have not alleged that there is a federal question and the only cause of action appears to be for breach of contract under Pennsylvania state law.[5]  Therefore, the court will dismiss the complaint without prejudice and give the plaintiff thirty days to file an amended complaint.[6]  *See Brown v. Calabro*, 512 F. App'x 137, 140 (3d Cir. 2013) (citation omitted) (Generally, "a district court not should dismiss a pro se complaint without allowing the plaintiff leave to amend unless amendment would be inequitable or futile.").  Under this disposition, the court need not address the defendants' argument that the plaintiffs have failed to state a claim under Rule 12(b)(6).[7]

### III.   CONCLUSION

After examining the allegations in the complaint, the exhibits attached to the complaint, and the defendant's motion to dismiss, the court finds that the plaintiffs have failed to set forth allegations establishing that this court has subject-matter jurisdiction over this case. Accordingly, the court will dismiss this action without prejudice.

---

[5] Indeed, the plaintiffs indicate that they seek "Summary Judgment in full as per Pa law."  Compl. at 4.

[6] The plaintiffs' use of a single-page complaint with a motion attached is wholly improper.  As noted in the accompanying order, any amended complaint filed must also conform to the other elements of Federal Rule of Civil Procedure 8(a), namely that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The court will not accept an amended pleading in the form of a motion.

The court also notes that Williams purports to represent ACS, and as a *pro se* litigant, Williams may not represent parties other than himself. *See Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 368 F. App'x 298, 300 (3d Cir. 2010).  Therefore, if ACS wishes to file an amended complaint, it must do so through counsel.

[7] The court also notes that, to the extent the plaintiffs' motion seeks to strike a default judgment entered in state court, such relief is likely barred by either the *Rooker–Feldman* doctrine, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983) (federal district courts do not have subject-matter jurisdiction to review final judgments of a state court), or *Younger v. Harris*, 401 U.S. 37 (1971) (federal courts cannot enjoin pending state court proceedings).

An appropriate order follows.

                                                    BY THE COURT:


                                              */s/ Edward G. Smith*
                                              EDWARD G. SMITH, J.